IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CURTIS LEE NELSON, #82756                                              PLAINTIFF

VERSUS                                         CIVIL ACTION NO.  3:06cv292HTW-JCS

JACKIE PARKER, MARGARETT A. BINGHAM,
CHRISTOPHER EPPS,
AND UNKNOWN THORNTON-WALKER                                          DEFENDANTS

MEMORANDUM OPINION

This cause is before the Court, <u>sua</u> <u>sponte</u>, for consideration of dismissal.  The plaintiff,

Curtis Lee Nelson, #82756,  an inmate currently incarcerated in the Central Mississippi

Correctional Facility, Pearl, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983.

Upon review of the complaint and the records in this action, the Court finds that the plaintiff has

failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e.

Therefore, this case will be dismissed without prejudice.

Background

The plaintiff complains about the conditions of his confinement including the denial of

medical treatment.  On page 3 of his complaint, the plaintiff states that he has not filed a

grievance with the Administrative Remedies Program because "[p]laintiff is not required to

exhaust A.R.P. when he sought only money damages by the U.S. Supreme Court, Justice

Blackman."  As discussed below, the plaintiff's reason for failing to complete the Administrative

Remedy Program is without merit.

Analysis

The controlling statute, 42 U.S.C. § 1997e, provides in clear language that "[n]o action

shall be brought with respect to prison conditions under section 1983 of this title, or any other

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted."   Section 1997e clearly requires a state

prisoner to exhaust available administrative remedies before filing a section 1983 suit and

precludes him from filing suit while the administrative complaint is pending.  Wendall v. Asher,

162 F.3d 887, 890 (5th Cir.1998).  "Congress unambiguously expressed its intent that exhaustion

be generally imposed as a threshold requirement in prisoner cases."  Id.;  see also Underwood v.

Wilson, 151 F.3d 292, 296 (5th Cir.1998)("By choosing to file and pursue his suit prior to

exhausting administrative remedies as required, Underwood sought relief to which he was not

entitled - -that is, federal court intervention in prison affairs prior to the prison having had the

opportunity to address the complaint within its grievance procedures.").  The exhaustion

requirement is "mandatory, '*irrespective of the forms of relief sought and offered through

administrative avenues*.' "  Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) (quoting Booth v.

Churner, 532 U.S. 731, 739, 741 n.6 (2001)) (emphasis added).

        The United States Court of Appeals for the Fifth Circuit Court illustrated the application of

the statutory exhaustion requirement in Wendall v. Asher, 162 F.3d at 890, wherein Plaintiff was

a prisoner who had failed to exhaust his administrative remedies.  The district court dismissed his

Section 1983 complaint without prejudice, and the dismissal was affirmed by the Fifth Circuit on

appeal.  Id. at 891.  The Fifth Circuit held in pertinent part that the mere fact of a prisoner's

failure to exhaust his administrative remedies does not end a court's analysis of the statutory

exhaustion requirement and that the exhaustion requirement is subject to certain defenses.

Ultimately, the Court affirmed the district court's dismissal without prejudice only after finding

that the plaintiff/prisoner "has not raised any valid excuse for failing to exhaust his

administrative remedies" and that "dismissal of [the prisoner's] claims in this case will not cause

any injustice or render judicial relief unavailable." Orange v. Strain, 2000 WL 158328, at *2

(E.D. La. Feb. 10, 2000) (quoting Wendall v. Asher, 162 F.3d 887, 892).  Clearly, the request for

monetary damages does not prevent the plaintiff from pursuing a grievance through the

administrative process of the Mississippi Department of Correction.  See Days v. Johnson, 322

F.3d at 866).  Therefore, plaintiff has not raised any valid excuse for his failure to exhaust his

administrative remedies before he filed this complaint.  As such, this complaint will be

dismissed.

## Conclusion

In light of the plain mandatory language of the statute, notwithstanding the plaintiff's

argument that he is not required to exhaust the administrative remedies program because he

sought only monetary damages, it is clear that this complaint must be dismissed.  Since the

defendants have never been called upon to respond to the plaintiff's pleading, and have never

appeared in this action, and since the court has never considered the merits of plaintiff's claims,

the court's order of dismissal should provide that dismissal is without prejudice. See Wright v.

Hollingsworth, 260 F.3d 357, 359 (5th Cir. 2001).

A final judgment in accordance with this memorandum opinion will be entered.

This the 21st day of  June, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE